**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ) | | |
| Plaintiff, ) | | |
| ) | No. 18 CR 215-3 | |
| ) | | |
| vs. ) | Judge Elaine E. Bucklo | |
| ) | | |
| JEROME McCULLOUGH, ) | | |
| Defendant. ) | | |

**DEFENDANT JEROME McCULLOUGH'S MOTION TO
<u>DISMISS INDICTMENT</u>**

NOW COMES the defendant, **JEROME McCULLOUGH,** by his attorney, **PATRICK E. BOYLE,** pursuant to Federal Rule of Criminal Procedure 48(b), and moves this Honorable Court, to enter an order dismissing the charge against the defendant in count three of the indictment due to post-arrest, pre-indictment delay.

1. On September 9, 2017, members of DEA Task Force and the Chicago Police conducted a traffic stop of a car driven by the defendant Jerome McCullough. Mr. McCullough was immediately ordered out of his car and detained. His car was searched and suspect heroin was recovered. Mr. McCullough was then formally arrested and transported by the arresting officers to the Chicago Police Area South Headquarters located at 727 East 111th St., Chicago, Illinois. There, Mr. McCullough was interrogated by the arresting officers concerning facts that are related to the charge that was brought against him in the indictment. However, Mr. McCullough was not charged with any offense, either state or federal at this time for his alleged possession of heroin on September 9, 2017.

2. Despite this September 9, 2017 arrest of Mr. McCullough and the recovery of the heroin on that same date, the indictment charging Mr. McCullough was not brought until April

11, 2018. That is an unexplained, impermissible, seven-month pre-indictment delay.

3. In the indictment that was subsequently filed, Mr. McCullough is only charged in Count Three with possessing with intent to distribute the heroin that was recovered pursuant to his September 9, 2017 arrest. Mr. McCullough is not charged in the conspiracy count or with any alleged criminal activity following his September 9, 2017 arrest.

4. Under Federal Rule of Criminal Procedure 48(b), it is within the discretion of this Court to dismiss an indictment if there has been "unnecessary delay" between arrest and indictment, and if appropriate, as it is here, such dismissal can be "with prejudice." *U.S. v. Simmons*, 536 F.2d 827 (9th Cir. 1976). This Rule has been used both to avoid unfairness to the defendant caused by delay, and to further the public interest in the efficient administration of justice. It may be invoked to protect the defendant's interest in a speedy trial even though there has not been a violation of the Sixth Amendment or the Speedy Trial Act. This Court may impose a more stringent standard than the Sixth Amendment, *United States v. DeLeo*, 422 F.2d 487 (1st Cir. 1970, and undertake a more particularized analysis than the Act.

5. It is a general rule that the prosecution is required to bring its indictment against a defendant within 45 days of arrest. Here, there was an unexplained 7 month delay between arrest and indictment. In *United States v. Deloney*, 389 F.2d 324, the Seventh Circuit held that "we think we should concede that it is possible to conceive of a delay less than the period of the Statute of Limitations that would be so unreasonable and the prejudice to the defendant so great, that relief under the Fifth Amendment should be afforded . . ." and that "due process may be denied when a formal charge is delayed for an unnecessary oppressive and unjustifiable time after the offense to the prejudice of the accused." Such a situation as exists here, and Federal

Rule of Criminal Procedure 48(b) gives this Court the power to dismiss the indictment with prejudice when it finds that a post-arrest, pre-indictment delay constitutes a violation of the defendant's due process rights.

  WHEREFORE, defendant JEROME McCULLOUGH, respectfully requests that this Court grant this motion, or in the alternative, conduct an evidentiary hearing on the claims made here, and ultimately enter an order dismissing with prejudice the charge against the defendant in the indictment.

              Respectfully submitted,

              **JEROME McCULLOUGH,**

          By: s/ Patrick E. Boyle
             By his Attorney Patrick E. Boyle

Law Offices of Patrick E. Boyle
**PATRICK E. BOYLE**
155 N. Michigan Ave. Suite 562
Chicago, IL 60601
(312) 565-2888

**CERTIFICATE OF SERVICE**

I, Patrick E. Boyle, an attorney, that on December 13, 2018 I electronically filed the foregoing **Defendant Jerome McCullough's Motion to Dismiss Indictment** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished electronically in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR 5.5 and the General Order on Electronic Case Filing (ECF).

                                                  By:    <u>s/ Patrick E. Boyle</u>
                                                             PATRICK E. BOYLE